## KETCHAM, Receiver, and others *v.* JACQUES and others.

*(Circuit Court, N. D. Illinois.*  August 4. 1884.)

PATENTS FOR INVENTIONS—BOXES—PATENT NO. 132,174—INFRINGEMENT.

Patent No. 132,174, issued to Henry R. Heyel, assignee of the American Paper Box Company, dated October 8, 1872, "for an improvement" in boxes, in view of the state of the art at the time of issuance of the patent, must be confined to a certain-shaped box and cover, the depth and width of which must bear certain relations, and, although the inventor fastened his box with staples, that does not enable Heyel to treat as infringers all box-makers who use flaps and staples, or who use staples horizontally, nor is such patent infringed by defendants' box.

In Equity.

BLODGETT, J.  This is a bill to restrain the infringement of letters patent No. 132,174, issued to Henry R. Heyel, assignee of the American Paper Box Company, dated October 8, 1872, for "an improvement in boxes," and for an accounting.  Defendants deny infringement, and also insist that the Heyel patent is void for want of novelty. The complainant's patent is for a device in the manufacture of "boxes to be made of paper, pasteboard, thin wood, or other flexible material;" and the specifications describe the box as constructed from a rectangular piece of paper or other material, in which slits are cut at right angles to the sides of the blank so as to form flaps, which are turned up to a right angle with the bottom, thus forming the sides and ends of the box.  The outer flaps are so formed that when folded over around the end flap their ends will not overlap, but will meet flush with each other and extend to the top of the box, and the outer flaps are thus secured in place by staples applied horizontally, or nearly so, and the legs of the staples are driven through both flaps and clinched on the inside.  A box constructed after the description of complainant's patent was adapted to receive a cover; the cover being constructed in the same manner as the body of the box.  The defendants sell a kind of tray made of thin wood or veneer, with sloping sides or ends, used mainly by retail grocers as packages for butter, cheese, honey, and other commodities.  Their tray has no cover, and is not adapted to receive one, but the ends of the flaps are fastened by staples applied horizontally through all the flaps, and clinched on the inside.  In view of the state of the art, as disclosed in the proof, I am of opinion that complainant's patent must be strictly construed.  The patent states that the flaps are to be bent or folded perpendicularly to the plane of the blank; that is, his box must have four perpendicular sides, and from the necessity of the case, must be just half as deep as it is wide, because he provides that the ends of the flaps, *b, b,* must meet flush in the center of the end.

The defendants' tray is made by cutting the blanks at an angle, so that when the ends and sides are turned up they give the box a tray-

like form, the ends and sides sloping outwardly; but the flaps are fastened by staples, applied horizontally with the plane of the bottom of the box. It is insisted by complainant that inasmuch as the defendants use staples substantially as the complainant does, the claim of complainant's patent, which is for a box having inner flaps extending from the bottom to the top, and outer flaps extending from the sides to the center, united by staples inserted horizontally, is infringed; that although their boxes are different in shape from the defendants' tray, the use of the horizontal staple to fasten the flaps makes the infringement.. Heyel did not invent staples or flaps, but found them in common use when he entered the field. He described a certain-shaped box and cover, the depth and width of which must bear certain relations, and he fastened his box with staples; but that does not enable him to treat as infringers of his patent all box-makers who use flaps and staples, or who use staples horizontally. In the patent of Charles Reese, dated in June, 1866, a box of substantially the same form as Heyel's is shown; but the flaps are shown as fastened with eyelets, and he says: "Many other forms of fastening will naturally suggest themselves to a mechanic, which it is needless to attempt to anticipate." So, in the patent to the same Reese, dated in April, 1872, only a few months before the date of the Heyel patent, a tin staple is shown, applied vertically instead of horizontally; but the staple passes through the outer and inner flaps, and is clinched on the inside. It may be well doubted, I think, whether after this mode of using a staple is shown, there is any invention in applying it horizontally; at least, the field is so nearly occupied by those who preceded Heyel in the art as to confine him to his specific device. We find, then, that defendants' box has no perpendicular sides or ends, and that the flaps do not meet flush, and that their tray is not adapted to receive a cover, and that the blanks must necessarily be cut differently from that described in the complainant's patent, in order to make the defendants' tray. I am therefore of opinion that the defendants do not infringe, and the suit is dismissed for want of equity.